# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **KATIE VOSS AND JAMIE VOSS** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **vs.** | § | |
| | § | **Civ. No. 1:25-cv-02074-DAE** |
| **AMERIHOME MORTGAGE** | § | |
| **COMPANY, LLC; INVESTOR NEST** | § | |
| **PROPERTIES; SERVICEMAC, LLC;** | § | |
| **AND DOES 1 THROUGH 15,** | § | |
| **INCLUSIVE.** | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS SERVICEMAC, LLC'S & AMERIHOME MORTGAGE COMPANY, LLC'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

Defendants ServiceMac, LLC ("***ServiceMac***") and AmeriHome Mortgage Company, LLC ("***AmeriHome***") (collectively, "***Defendants***") file their Opposition to Plaintiffs Katie Voss's and Jamie Voss's (together, "***Plaintiffs***") Emergency Motion for Temporary Restraining Order/Preliminary Injunction (the "***Motion***").

## I. INTRODUCTION

1.      A preliminary injunction is an extraordinary remedy which should be granted only if the movant has carried his burden of persuasion; the decision to grant a preliminary injunction is to be treated as the exception rather than the rule. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). The basis for Plaintiffs' Motion is the unsubstantiated allegation that they "face the imminent threat of losing their home through foreclosure initiated by one or more Defendants."[1]

---

[1] ECF 24 at ¶ 1.

**2.** Here, the Court should deny the extraordinary relief that Plaintiffs' Emergency Motion for Temporary Restraining Order/Preliminary Injunction seeks because Plaintiffs do not provide any proof—beyond a cursory reference to the conclusory allegations in Plaintiffs' Petition and their own conclusory invalid "joint" declaration—that either of the Defendants are attempting (or even threatening) foreclosure of their home. Nor can they do so because *neither ServiceMac nor AmeriHome have initiated or otherwise attempted to foreclose on Plaintiffs' property*. Plaintiffs likewise fail to show how an injunction of the Defendants would prevent the harm they complain of,  and, at any rate, Plaintiffs are unlikely to prevail on the merits of any of their claims. Plaintiffs, therefore, fail to meet their burden to show they are entitled to injunctive relief. The Court should deny the Motion.

## II.  FACTUAL BACKGROUND

**3.** Plaintiffs executed a promissory note on May 30, 2019, in favor of Sente Mortgage, Inc. ("*Sente*") as lender and Mortgage Electronic Registration Systems, Inc. ("*MERS*") as the beneficiary of the security interest (the "*Mortgage*") secured by real property located at 210 W Avenue F, Jarrell, Texas 76537 (the "*Property*").

**4.** AmeriHome shortly thereafter began servicing Plaintiffs' Mortgage. On May 10, 2022, MERS assigned its rights under the Deed of Trust to AmeriHome.[2]

**5.** By December 2020, Plaintiffs were in default due to their failure to make all required payments.[3] Plaintiffs' default continued due to Plaintiffs' failure to make payments between March 2021 and April 2022.[4] Plaintiffs do not dispute that they failed to make all the required payments;

---

[2] **Exhibit 1** (Corporate Assignment of Deed of Trust, Inst. No. 2022058046). Defendants respectfully request that the Court take judicial notice of Exhibit 1, which may be found in the real property records of Williamson County, Texas. *See* FED. R. EVID. 201(b).

[3] ECF 2-1 at 105 (Exhibit G to Plaintiffs' Original Petition).

[4] ECF 2-1 at 107 (Exhibit H to Plaintiffs' Original Petition).

indeed, Plaintiffs confirm that, on several occasions, between 2020 and 2025 they were in default due to a failure to make required payments.[5]

**6.** On August 7, 2024, Plaintiffs and AmeriHome entered into a Loan Modification Agreement, modifying the terms of the loan.[6] The real property records of Williamson County show that, on July 1, 2025, Plaintiffs and AmeriHome executed yet another Loan Modification Agreement after Plaintiffs' default continued.[7] Defendants respectfully request that the Court take judicial notice of Exhibit 2, which may be found in the real property records of Williamson County, Texas. *See* FED. R. EVID. 201(b).

**7.** Shortly thereafter, ServiceMac began servicing Plaintiffs' loan. However, Plaintiffs' default continued; as of August 18, 2025, Plaintiffs were 321 days delinquent on their loan payments.[8] Plaintiffs allege that ServiceMac initiated foreclosure proceedings on or around July 29, 2025.[9] However, the public records of Williamson County, Texas do not show that ServiceMac (or any prior loan servicer) noticed a foreclosure sale of the Property,[10] and ***Plaintiffs admit in their petition that a "Trustee Sale has not taken place***[.]"[11]

**8.** On November 19, 2025, Plaintiffs, proceeding *pro se*, filed a lawsuit, Cause No. 25-3359-C395 and styled *Katie Voss and Jamie Voss v. AmeriHome Mortgage Company, LLC, et al.* pending in the 395th Judicial District Court, Williamson County, Texas (the "***State Court Suit***"),

---

[5] *See* ECF 2-1 at ¶¶ 18(d), 18(k).

[6] ECF 2-1 at 96–102 (Exhibit F to Plaintiffs' Original Petition).

[7] **Exhibit 2** (Loan Modification Agreement, Inst. No. 20255071568).

[8] ECF 2-1 at 123–24 (Exhibit L to Plaintiffs' Original Petition).

[9] ECF 2-1 at ¶ 18(dd).

[10] **Exhibit 3** (Foreclosure Postings for Williamson County for June 2025 through December 2025). Defendants respectfully request that the Court take judicial notice of Exhibit 3, which may be found in the real property records of Williamson County, Texas. *See* FED. R. EVID. 201(b).

[11] ECF 2-1 at ¶ 19.

against Defendants AmeriHome Mortgage Company, LLC, Investor Nest Properties, ServiceMac, LLC and Does 1 through 15.[12] On December 18, 2025, Defendants removed that suit to this Court.[13]

9.      On April 25, 2026, Plaintiffs filed the Motion, arguing they are entitled to injunctive relief to prevent a foreclosure of the Property.[14] Plaintiffs allege that "[d]uring March 2026, Plaintiffs learned foreclosure proceedings *may* have been initiated or threatened dating back to October of 2025 as well as July 2025."[15] This admission that the complained of harm—i.e., the fictitious foreclosure—is speculative at best is fatal to Plaintiffs' requested relief.

### III. STANDARD OF REVIEW

10.     "Rule 65 of the Federal Rules of Civil Procedure governs both preliminary injunctions and temporary restraining orders." *High Point Water Supply Corp. v. Lake*, No. 1:23-CV-13-DAE, 2023 WL 6518867, at *3 (W.D. Tex. June 16, 2023) (quoting *Total Safety U.S., Inc. v. Rowland*, Civil Action No. 13-6109, 2014 WL 793453, at *5 (E.D. La. Feb. 26, 2014)) (Ezra, J.); *see also* FED. R. CIV. P. 65. Consequently, the grant of injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance. *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012); *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997).

11.     "The prerequisites for preliminary injunctive relief are long-established in this circuit." *Libertarian Party of Tex. v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). To be entitled to a preliminary injunction, the applicants must show *by a preponderance of the evidence* that (1) a

---

[12] ECF 2-1 at ¶¶ 8, 9, 10 (Plaintiffs' Original Petition). Plaintiffs do not appear to have made any attempt to locate or otherwise identify Defendants Does 1 through 15.

[13] ECF 1.

[14] ECF 24.

[15] ECF 24 at ¶ 7.

substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *City of El Cenizo, Texas v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018); *See also* Fed. R. Civ. P. 65. Accordingly, "[b]ecause a preliminary injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief," the "denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria." *Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017) (internal quotations and citation omitted); *Black Fire Fighters Ass'n v. City of Dall.*, 905 F.2d 63, 65 (5th Cir. 1990) (emphasis in original).

12.    However, even when a movant establishes each of the four requirements described above, the decision whether to grant or deny a preliminary injunction remains within the Court's discretion, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. *Fellowship of Christian Univ. Students at Univ. of Texas at Dallas v. Eltife*, 806 F. Supp. 3d 662, 673 (W.D. Tex. 2025) (citing *Miss. Power & Light*, 760 F.2d at 621).

13.    Temporary restraining orders are "extraordinary relief and rarely issued." *Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999). Rule 65 of the Federal Rules of Civil Procedure governs injunctions and restraining orders. A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief," which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction. *Hassani v. Napolitano*, No. 3:09-cv-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. 2009); *Greer's Ranch Cafe v. Guzman*, 540 F. Supp. 3d 638, 644–45 (N.D. Tex. 2021). As such, an application for a temporary restraining order should plead and prove the grounds for injunctive relief, and why such action is necessary.

*See* FED. R. CIV. P. 65. Similar to an application for a preliminary injunction, failure to meet any of the four requirements for a TRO will cause the application to fail. *Speed v. America's Wholesale Lender*, 2014 WL 4755485 (N.D. Tex. 2014)

## IV. ARGUMENTS & AUTHORITIES

14.     Plaintiffs do not specify the cause of action they contend supports their request for injunctive relief; however, after a liberal reading of the Motion, it appears that Plaintiffs move on their wrongful foreclosure and breach of contract causes of action.[16]

**A.     As a threshold matter, Plaintiffs improperly seek to enjoin a non-party and further seek to invalidate a state-court judgment.**

15.     Plaintiffs appear to seek relief tied to an unrelated state-court judgment, which is procedurally improper. In the Motion, Plaintiffs allege that they are likely to succeed on the merits of their claims regarding "the constitutional invalidity of the Chase judgment due to lack of service[,]"[17] and that "[a] void default judgment by Chase Bank (arising from improper service and alleged identity theft) resulted in an abstract of judgment lien clouding title and threatening further actions was filed in the property records on or around October 2025."[18]

16.     Chase Bank is not a party to this lawsuit and thus cannot be subject to the injunctive relief Plaintiffs request. *See* FED. R. CIV. P. 65(d)(2). Further, this Court lacks the jurisdiction to review or otherwise invalidate the state-court judgment on which Plaintiffs partially move. *See Truong v. Bank of America, N.A.*, 717 F.3d 377, 382  (5th Cir. 2013) ("'Reduced to its essence, the Rooker-Feldman doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress.").

---

[16] ECF 24 at ¶ 16.

[17] ECF 24 at ¶ 2.

[18] ECF 24 at ¶ 10.

**17.** Thus, to the extent Plaintiffs seek relief predicated on the state-court judgment referenced in the Motion, such relief is procedurally improper and should be denied.

**B.     Plaintiffs have not shown that they are subject to a substantial and immediate irreparable injury if the injunction is not granted.**

**18.** Plaintiffs argue that they face imminent and irreparable harm based on the speculation that one of the Defendants *may* have initiated foreclosure proceedings against Plaintiffs at some point in 2025. This argument fails for reasons set out below.

      **a.     Plaintiffs fail to establish that they face an actual and imminent injury—at best, the alleged harm is speculative and hypothetical.**

**19.** For a claimed injury to be irreparable, it must be actual and imminent. *See*, *e.g.*, *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975) (harm was not imminent because request for injunction was premised on the eventual passage of unconstitutional zoning ordinances). Speculative harm or the mere possibility of irreparable injury is not sufficient; irreparable injury must be likely. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008).

**20.** An injury is irreparable if it is not accurately measurable or otherwise rectified by a final judgment following trial, *i.e.*, if the plaintiff cannot be adequately compensated in damages, or if the defendant would be unable to pay. *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981); *see also*, *e.g.*, *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (loss of right to free speech under First Amendment); *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) (substantial and unrecoupable litigation expenses do not constitute irreparable injury); *see*, *e.g.*, *Sampson v. Murray*, 415 U.S. 61, 91–92 (1974) (temporary loss of income after termination from employment was not irreparable injury). An injury is imminent when there is a significant threat of an impending action. *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390, 1394 (5th Cir. 1986).

21.     It is true that the Fifth Circuit has held that the loss of an interest in real property due to foreclosure can be an irreparable harm. *See Bean v. Indep. Am. Sav. Ass'n*, 838 F.2d 739, 743 (5th Cir. 1988) ("Because [plaintiff] stands to lose interests in real property, which we presume are unique, there is no adequate post-foreclosure remedy that could substitute for injunctive relief."); *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 297 (5th Cir. 2012); *PNC Bank, N.A. v. 2013 Travis Oak Creek GP, LLC*, No. 1:17-CV-560-RP, 2017 WL 11668763, at *11 (W.D. Tex. Aug. 2, 2017). However, the ***mere threat*** of foreclosure, without the actual institution of proceedings, does ***not*** constitute imminent harm sufficient to justify an injunction. *Bean*, 838 F.2d at 743. Only where the facts of the case indicate that foreclosure *will be* instituted is such an injunction appropriate. *Id.*

22.     Plaintiffs do not show imminent harm as they have no evidence that any defendant has threatened to or made any attempt to foreclose on the Property. *See also Bean*, 838 F.2d at 743. The public records of Williamson County, Texas do not show that ServiceMac (or any prior loan servicer) noticed a foreclosure sale of the Property,[19] and ***Plaintiffs admit in their petition that a "Trustee Sale has not taken place***[.]"[20]

23.     Plaintiffs' Motion further admits that they are even unsure whether a foreclosure has been initiated: "[d]uring March 2026, Plaintiffs learned foreclosure proceedings ***may*** have been initiated or threatened dating back to October of 2025 as well as July 2025."[21] There are no facts in the declaration to indicate that either ServiceMac or AmeriHome have initiated or threatened to initiate a foreclosure. The mere lingering possibility of a foreclosure is simply not enough to serve as the

---

[19] **Exhibit 3** (Foreclosure Postings for Williamson County for June 2025 through December 2025). Defendants respectfully request that the Court take judicial notice of Exhibit 3, which may be found in the real property records of Williamson County, Texas. *See* FED. R. EVID. 201(b).

[20] ECF 2-1 at ¶ 19.

[21] ECF 24 at ¶ 7 (emphasis added).

basis for a preliminary injunction or a temporary restraining order. *Bean*, 838 F.2d at 743. In any event, the allegation fails to support a preliminary injunction because an alleged threatened foreclosure from October 2025 that was, clearly, never pursued demonstrates the absence of any imminent harm.

24.     On the contrary, Plaintiffs' basis for a preliminary injunction and TRO here are their own conclusory allegations in their complaint. Although a court may employ informal procedures and rely on generally inadmissible evidence, the record must nevertheless support the court's decision. *Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993). Here, Plaintiffs' "joint" declaration and their Motion are nothing but recitations of the conclusory facts alleged in their petition. There are no facts presented to the Court to support the idea that Plaintiffs will experience an imminent and irreparable injury as a result of Defendants' conduct.

25.     Plaintiffs are asking this Court for an injunction and TRO based on a purely hypothetical possibility of a foreclosure, not an actual foreclosure threatened or attempted by either of the Defendants.

### b. Plaintiffs' admitted abandonment of the Property negates the homestead-uniqueness presumption.

26.     Plaintiffs concede that they no longer reside at the Property and have not since early 2025.[22] Plaintiffs' choice to abandon the Property in reliance on a contract to sell the Property with another defendant—who, upon information and belief, has not yet been served—undermines Plaintiffs' implication that they will no longer have a roof over their heads if the Property is foreclosed on.[23]

---

[22] ECF 24 at ¶ 4; ECF 24-12 at ¶¶ 3, 6; Plaintiffs also judicially admit they have moved out in their joint declaration. *See* P-15 at ¶ 3; *See also* Fed. R. Evid. 801(d)(2) (opposing party statements excluded from hearsay)

[23] ECF 24 at ¶ 1 ("Plaintiffs face the imminent threat of losing their home[.]").

While this situation is unfortunate, Plaintiffs cannot rely on the homestead-uniqueness presumption when they have effectively abandoned their homestead.

27.     The Court should find that the presumption articulated in *Bean* does not apply and that, for the reasons articulated above, Plaintiffs fail to establish imminent harm.

### c. Plaintiffs' delay in filing this Motion undermines their argument of imminent harm.

28.     The Court should likewise note the Plaintiffs' delay in filing this application. The original lawsuit was filed November 19, 2025. Plaintiffs assuredly would have filed this application back in November or December if they were under threat of a legitimate imminent and irreparable injury. District courts in the Fifth Circuit have held that delay in seeking a remedy is an important factor bearing on the need for a preliminary injunction and that "[a]bsent a good explanation, a substantial period of delay may weigh against a movant's request for injunctive relief by demonstrating that there is no apparent urgency to the request." *Wireless Agents, L.L.C. v. T-Mobile, USA, Inc.*, No. 3:05-cv-0094, 2006 WL 1540587, at *4 (N.D. Tex. June 6, 2006)

### C.     Plaintiffs fail to show they are likely to succeed on the merits.

29.     Plaintiffs fail to show they are likely to succeed on the merits of their claims for either breach of contract or wrongful foreclosure (or any of the other claims they assert in their Petition). In the Motion, Plaintiffs assert that their "claims are set forth in the Verified Complaint/Petition and include violations of Texas foreclosure law and contract breaches."[24]

30.     The assertions in the Plaintiffs' Motion are nothing more than conclusory assertions that vaguely refer to a whole pleading rather than a specific statement therefrom. *See* FED. R. CIV. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or

---

[24] ECF 24 at ¶ 16.

in any other pleading or motion."). There are no arguments made in the Motion showing why the Plaintiffs are likely to be successful. Plaintiffs instead rely on the existence of their complaint as purported proof that they are likely to prevail. Plaintiffs have not shown that the threat of the alleged injury outweighs the harm to Defendants if an injunction is granted. Simply saying they are likely to succeed fails the test for the Court to grant a preliminary injunction. *See City of El Cenizo, Texas*, 890 F.3d at 176.

**31.**    Plaintiffs have not stated any reason in their Motion why the threat of injury to them outweighs the harm to the Defendants in being enjoined.[25] A conclusory statement fails to demonstrate to the court how the threat of injury to them outweighs the harm to the Defendants in being enjoined in this instance.

**D.**    **Plaintiffs have not shown that the Public Interest would not be served by the issuance of their requested relief or that their alleged injury outweighs the harm to Defendants.**

**32.**    For similar reasons, Plaintiffs have not stated any reason in their Motion why granting relief here is in the public interest[26] or how the alleged threatened injury outweighs the harm to Defendants. A conclusory statement fails to demonstrate to the court how granting relief here, and enjoining the Defendants, is in the public interest. And because Plaintiffs have not shown that they will suffer any injury, the potential harm to Defendants weighs in favor of denial of Plaintiffs' requested relief.

**E.**    **Should the Court grant the Motion—which it should not, for the reasons set forth above—Defendants request a sufficient bond be imposed.**

**33.**    Rule 65 states that courts may issue injunctive relief "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party

---

[25] *See* ECF 24 at ¶ 16(c).

[26] *See* ECF 24 at ¶ 16(d).

found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c).

34.      Accordingly, should the Court issue injunctive relief, Defendants respectfully request that the Court impose a bond sufficient to cover at least one year's worth of carrying costs (i.e., taxes, insurance, and deferred interest on the underlying Mortgage) amounting to between $35,000 and $50,000.

## V.  CONCLUSION AND PRAYER

**WHEREFORE**, Defendants ServiceMac LLC and AmeriHome Mortgage Company, LLC respectfully request that the Court deny Plaintiffs Katie Voss's and Jamie Voss's Emergency Motion for Temporary Restraining Order/Preliminary Injunction and grant all other relief to which they are entitled at law or equity.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: */s/ Miranda Granchi*
**JACOB SPARKS**
State Bar No. 24066126
Email: Jacob.Sparks@NelsonMullins.com
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Telephone: (469) 484-4758
Facsimile: (469) 828-7217

**MIRANDA GRANCHI**
State Bar No. 24120862
Email: Miranda.Granchi@NelsonMullins.com
1111 Bagby Street, Suite 2100
Houston, Texas 77002
Telephone: (346) 646-5803
Facsimile: (346) 241-3758

*Attorneys for Defendants ServiceMac, LLC &*
*AmeriHome Mortgage Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify on May 4, 2026, that a true and correct copy of the foregoing document was served on the following via the court's electronic filing system.

By: /s/ Miranda Granchi
MIRANDA GRANCHI

13