**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KATIE VOSS AND JAMIE VOSS** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **vs.** | § | |
| | § | **Civ. No. 1:25-cv-2074** |
| **AMERIHOME MORTGAGE** | § | |
| **COMPANY, LLC; INVESTOR NEST** | § | |
| **PROPERTIES; SERVICEMAC, LLC;** | § | |
| **AND DOES 1 THROUGH 15,** | § | |
| **INCLUSIVE.** | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS SERVICEMAC, LLC'S & AMERIHOME MORTGAGE COMPANY,**
**LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS**
**PURSUANT TO FED. R. CIV. P. 12(c)**

Defendants ServiceMac, LLC ("*ServiceMac*") and AmeriHome Mortgage Company, LLC ("*AmeriHome*") (collectively, "*Defendants*") file their Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c), seeking to dismiss all claims brought by Plaintiffs Katie Voss and Jamie Voss (together, "*Plaintiffs*") against Defendants.

## I.  INTRODUCTION

1.      Plaintiffs' claims appear to center around (1) the handling and servicing of their mortgage (which they admit was in default) and (2) a foreclosure sale that was never noticed and, importantly, *never took place*. Confusingly, Plaintiffs assert various claims for breach of contract and violations of several consumer statutes but fail to plead any facts necessary to support them. Because none of Plaintiffs' claims have any merit, the Court should dismiss all of Plaintiffs' claims for the reasons set forth below.

## II.  FACTUAL BACKGROUND

2.      Plaintiffs executed a promissory note on May 30, 2019 in favor of Sente Mortgage, Inc. ("***Sente***") as lender and Mortgage Electronic Registration Systems, Inc. ("***MERS***") as the beneficiary of the security interest (the "***Mortgage***") secured by real property located at 210 W Avenue F, Jarrell, Texas 76537 (the "***Property***").

3.      AmeriHome shortly thereafter began servicing Plaintiffs' Mortgage. On May 10, 2022, MERS assigned its rights under the Deed of Trust to AmeriHome.[1]

4.      By December 2020, Plaintiffs were in default due to their failure to make all required payments.[2] Plaintiffs' default continued due to Plaintiffs' failure to make payments between March 2021 and April 2022.[3] Plaintiffs do not dispute that they failed to make all required payments; indeed, Plaintiffs confirm that, on several occasions, between 2020 and 2025 they were in default due to a failure to make required payments.[4]

5.      On August 7, 2024, Plaintiffs and AmeriHome entered into a Loan Modification Agreement, modifying the terms of the loan.[5]  The real property records of Williamson County show that, on July 1, 2025, Plaintiffs and AmeriHome executed yet another Loan Modification Agreement after Plaintiffs' default continued.[6] Defendants respectfully request that the Court take judicial notice of **Exhibits 1 and 2**, which may be found in the real property records of Williamson County, Texas. *See* FED. R. EVID. 201(b).

---

[1] **Exhibit 1** (Corporate Assignment of Deed of Trust, Inst. No. 2022058046).

[2] ECF 2-1 at 105 (Exhibit G to Plaintiffs' Original Petition).

[3] ECF 2-1 at 107 (Exhibit H to Plaintiffs' Original Petition).

[4] *See* ECF 2-1 at ¶¶ 18(d), 18(k).

[5] ECF 2-1 at 96–102 (Exhibit F to Plaintiffs' Original Petition).

[6] **Exhibit 2** (Loan Modification Agreement, Inst. No. 20255071568).

**6.**     Shortly thereafter, ServiceMac began servicing Plaintiffs' loan. However, Plaintiffs' default continued; as of August 18, 2025, Plaintiffs were 321 days delinquent on their loan payments.[7] Plaintiffs allege that ServiceMac initiated foreclosure proceedings on or around July 29, 2025.[8] However, the public records of Williamson County, Texas do not show that ServiceMac (or any prior loan servicer) noticed a foreclosure sale of the Property.[9] And, critically, ***Plaintiffs admit in their petition that a "Trustee Sale has not taken place***[.]"[10]

**7.**     On November 19, 2025, Plaintiffs filed a lawsuit, pro se, Cause No. 25-3359-C395 and styled *Katie Voss and Jamie Voss v. AmeriHome Mortgage Company, LLC, et al.* pending in the 395th Judicial District Court, Williamson County, Texas (the "***State Court Suit***"), against Defendants AmeriHome Mortgage Company, LLC, Investor Nest Properties, ServiceMac, LLC and Does 1 through 15.[11]

### III. STANDARD OF REVIEW

**A.     Relevant Legal Standard**

**8.**     "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)." *Sanchez v. Deutsche Bank Nat'l Tr. Co. for registered holders of Long Beach mortgage loan trust 2005-3 asset-backed certificates, series 2005-3*, No. 5:17-CV-00414-DAE, 2017 WL 8182680, at *1 (W.D. Tex. Nov. 9, 2017) (Ezra, J.). A Rule 12(c) motion is "designed to dispose of cases where the material facts

---

[7] ECF 2-1 at 123–24 (Exhibit L to Plaintiffs' Original Petition).

[8] ECF 2-1 at ¶ 27(a).

[9] **Exhibit 3** (Foreclosure Postings for Williamson County for June 2025 through December 2025). Defendants respectfully request that the Court take judicial notice of Exhibit 3, which may be found in the real property records of Williamson County, Texas (*see supra* Section III.B.). *See* FED. R. EVID. 201(b).

[10] ECF 2-1 at ¶ 19.

[11] ECF 2-1 at ¶¶ 8, 9, 10 (Plaintiffs' Original Petition). Plaintiffs do not appear to have made any attempt to locate or otherwise identify Defendants Does 1 through 15, nor do they refer to them as a basis for remand in the Motion.

are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)) (internal citations omitted).

9.      Thus, a Rule 12(c) motion should be granted if there is no issue of material fact, and the pleadings show that the moving party is entitled to judgment as a matter of law. *Greenberg v. Gen. Mills Fun Grp., Inc.*, 478 F.2d 254, 256 (5th Cir. 1973).

10.     The standard for deciding a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Thus, "[t]he central issue is whether . . . the complaint states a valid claim for relief." *Great Plains Tr. Co.*, 313 F.3d at 312 (citations omitted). "The district court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* (internal citations and quotations omitted).

11.     In analyzing the complaint, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Id.* at 312–13. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

4

**B.    Documents Considered**

**12.**    A court's review of a Rule 12(c) motion, as with a 12(b)(6) motion, is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).

**13.**    Thus, in weighing a Rule 12(c) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)) (providing the standard for consideration of documents in determining a motion to dismiss under Rule 12(b)(6)).

**14.**    Defendants respectfully request the Court to consider the Real Property Records of Williamson County and the Public Postings of Foreclosure Sales for Williamson County. These documents are integral to Plaintiffs' claims and are public records (or, at the very least, publicly available documents derived entirely from the real property records). True and correct copies of the Public Postings of Foreclosure Sales for Williamson County are attached hereto as **Exhibit 3**.[12]

---

[12] These publicly available records are also available here: https://www.wilcotx.gov/308/Foreclosure-Trustee-Sales.

## IV. ARGUMENTS & AUTHORITIES

15.     Plaintiffs assert claims for: (1) breach of contract against ServiceMac; (2) breach of the covenant of good faith and fair dealing against all Defendants; (3) fraudulent misrepresentation against all Defendants; (4) negligent misrepresentation against all Defendants; (5) fraudulent concealment against all Defendants; (6) quiet title against all Defendants; (7) violations of the Deceptive Trade Practices Act (the "*DTPA*") against all Defendants; and (8) a request for an accounting against ServiceMac.[13] All of Plaintiffs' claims should be dismissed due to Plaintiffs' failure to plead sufficient facts supporting their claims. The Court should also dismiss Plaintiffs' tort claims because Plaintiffs' recovery under the same is barred by the economic loss rule.

**A.     Plaintiffs fail to state a claim for breach of contract against ServiceMac because Plaintiffs admit to being in default under the Note and Deed of Trust.**

16.     Plaintiffs allege several "breaches" of both the Deed of Trust and an alleged "oral agreement" regarding a loan modification. However, none of the alleged breaches or the facts supporting said alleged breaches are sufficient to plead a claim for breach of contract.

17.     The elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

### a.   Plaintiffs fail to plead a claim for breach of the Deed of Trust.

18.     Plaintiffs fail to show that they performed under the promissory note and Deed of Trust because they *admit* to being in default due to non-payment. Plaintiffs make reference to at least

---

[13] ECF 2-1 at 17–42 (Plaintiffs' Original Petition).

three instances when they breached their payment obligation.[14] It is clear, given the facts as Plaintiffs plead them, that they did not perform under the promissory note and Deed of Trust (and that these defaults predate the conduct that Plaintiffs contend constitute a breach of contract).

19.     Plaintiffs (improperly) attempt to preempt this argument arguing that their performance was "excused." Specifically, Plaintiffs plead that they "performed their obligations in good faith by responding [ServiceMac's] invitation to apply for [a] loan modification and providing all required documentation as requested by [ServiceMac]. Any other performance by Plaintiff (sic) was excused" due to ServiceMac's alleged breach.[15]  Plaintiffs misconstrue their obligation under the loan. Plaintiffs' main obligation thereunder is to make monthly payments in the amounts prescribed by the promissory note Plaintiffs executed, not applying for a loan modification. And, as Plaintiffs repeatedly pleaded in the Petition, Plaintiffs did not make all required payments as evidenced by the multiple delinquency notices sent by both ServiceMac and AmeriHome long before Plaintiffs contend a foreclosure proceeding was initiated.

20.     But even if Plaintiffs had actually performed—which they, admittedly, did not—Plaintiffs fail to plead facts sufficient to show that ServiceMac breached the terms of the Deed of Trust. Plaintiffs allege that ServiceMac "materially breached the Deed of Trust by failing to provide Plaintiffs with notice of their right to bring a lawsuit to dispute the acceleration and [a foreclosure] sale."[16] However, Plaintiffs do not allege that ServiceMac (or AmeriHome) accelerated the loan, which is the event that triggers this particular notice requirement. Further, the public records of Williamson County, Texas show that the Property was never foreclosed on, nor did anyone make

---

[14] ECF 2-1 at ¶¶ 18(d), 18(k); ECF 2-1 at 105 (Exhibit G to Plaintiffs' Original Petition); ECF 2-1 at 107 (Exhibit H to Plaintiffs' Original Petition).

[15] ECF 2-1 at ¶ 29(a).

[16] ECF 2-1 at ¶ 27(b).

7

an attempt to foreclose on the Property.[17] Consequently, this notice requirement was never triggered, and, so, ServiceMac did not breach the Deed of Trust.

21.     Because Plaintiffs fail to plead sufficient facts to support a claim for breach of the Deed of Trust, the Court should dismiss Plaintiffs' breach of contract claim against ServiceMac.

### b. There is no "valid oral agreement" between ServiceMac and Plaintiffs for which Plaintiffs may sue for breach.

22.      Plaintiffs allege a valid oral agreement exists between ServiceMac due to "a series of oral promises and representations [allegedly made] to Plaintiffs regarding their loan modification application[,]" including that Plaintiffs "were qualified for a loan modification, that their loan modification application was accordingly approved, and that the loan modification would effectively hinder the foreclosure proceedings."[18]

23.     Putting aside the fact that this claim sounds in tort (not contract) and is duplicative of Plaintiffs' other tort claims, Plaintiffs fail to adequately allege the existence of an oral agreement.

24.     To sufficiently plead an oral contract, a plaintiff must allege sufficient facts to show: "(1) whether there was an offer and acceptance between the parties[;] (2) the material terms of the contract . . . [;] (3) whether the parties consented to such terms[;] and (4) whether there is any evidence to indicate that the parties intended an agreement, if at all, to be mutually binding." *Provision Grp., Inc. v. Crown Toxicology, Ltd.*, No. 5:16-CV-1291-DAE, 2017 WL 11221433, at *4 (W.D. Tex. Oct. 19, 2017) (Ezra, J.) (citing *Hubbard v. Shankle*, 138 S.W.3d 474, 481 (Tex. App.—Fort Worth 2004, pet. denied)).  Plaintiffs fail to do so here.

---

[17] **Exhibit 3** (Foreclosure Postings for Williamson County for June 2025 through December 2025); *see also* https://www.wilcotx.gov/308/Foreclosure-Trustee-Sales.

[18] ECF 2-1 at ¶¶ 30–32.

**25.** Further, because the Note is for $250,381.00, any oral modification or agreement related to the Note is barred as a matter of law under the Texas Business & Commerce Code. TEX. BUS. & COM. CODE § 26.02(b) ("A loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable for personal, family, or household use unless the agreement is in writing and signed by the party to be bound or the party's authorized representative."); TEX. BUS. & COM. CODE § 26.02(2) (defining "loan agreement" to include promissory notes and deeds of trust). Thus, Plaintiffs cannot enforce any alleged oral agreement related to the Mortgage, even if they had adequately pleaded an oral agreement (which they have not).

**26.** The Court should dismiss Plaintiffs' claim for breach of an oral agreement to the Loan Modification Agreement(s).

**B.**      **Plaintiffs fail to state a claim for breach of the covenant of good faith and fair dealing as neither ServiceMac nor AmeriHome owed such a duty to Plaintiffs as a matter of law.**

**27.** Plaintiffs allege that Defendants owed them a duty of good faith and fair dealing as their mortgage servicers. This assertion, however, is contrary to Texas law. Under Texas law, a duty of good faith and fair dealing does not exist in all contractual contexts. *See Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 418 (Tex. 1995). Rather, "[a] claim for a breach of duty of good faith and fair dealing is a tort action that arises from an underlying contract." *Ormsby v. BAC Home Loan Servicing, L.P.*, No. MO-11-CV-046, 2012 WL 13145521, at *8 (W.D. Tex. June 7, 2012) (mem. op.) (quoting *Cole v. Hall*, 864 S.W.2d 563, 568 (Tex. App.—Dallas 1993, writ dism'd)).

**28.** This duty of good faith and fair dealing only arises where a special relationship of trust exists between the parties. *See Vogel v. Travelers Indem., Co.*, 966 S.W.2d 748, 753 (Tex. App.— San Antonio 1998, no pet.). "Ordinarily, there is ***no*** such duty in lender/lendee relationships." *Id.*

(emphasis added). Indeed, Texas law does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of Am., N.A.*, No. 3:11–cv–430–G–BD, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011) (internal quotations omitted), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June 22, 2011); *see also FDIC v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990) (holding that "[t]he relationship of a mortgagor and mortgagee ordinarily does not involve a duty of good faith.").

**29.**     Plaintiffs wrongly allege that "at all times there existed an implied covenant of good faith and fair dealing requiring Defendants to safeguard, protect, or otherwise care for the assets and rights of Plaintiffs."[19]  Plaintiffs further allege that "[i]n addition to being implied in the [Deed of Trust], under the statutory scheme for non-judicial foreclosure, the covenant of good faith is coexistensive (sic) with Defendants' duty to service Plaintiffs' loan fairly, openly and in good faith."[20]

**30.**     Under these facts, there is no basis to impose an implied covenant of good faith and fair dealing or a special relationship that would give rise to a fiduciary duty between Plaintiffs and Defendants. Plaintiffs fail to plead any facts supporting their claim that Defendants owed Plaintiffs a heightened duty of any kind. Thus, Plaintiffs' claim for breach of the covenant of good faith and fair dealing fails and should be dismissed.

**C.     Plaintiffs fail to adequately plead any of their fraud-based claims.**

**31.**     Plaintiffs assert two fraud-based claims: (1) fraudulent concealment and (2) fraudulent misrepresentation. As species of fraud, these claims are subject to a heightened pleading standard

---

[19] ECF 2-1 at ¶ 35.

[20] ECF 2-1 at ¶ 35.

under Rule 9 of the Federal Rules of Civil Procedure. Neither of these claims meet this standard.

32.     Under the Federal Rules of Civil Procedure, a party alleging fraud "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). "Rule 9(b) requires that fraud be pled with particularity, meaning that the plaintiff must plausibly plead facts establishing the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F. Supp. 3d 633, 661 (W.D. Tex. 2019) (citing *IAS Servs. Grp., LLC v. Jim Buckley & Assocs., Inc.*, 900 F.3d 640, 647 (5th Cir. 2018)).

33.     Plaintiffs fail to plead the facts supporting their fraud-based claims with sufficient particularity. Plaintiffs do not name the individual who allegedly made the alleged misrepresentations or fraudulently concealed material information. Nor do they allege facts sufficient to show the specific contents of the alleged misrepresentations or concealed information beyond bare conclusory allegations that alleged misrepresentations were made or that information was concealed. Thus, the Petition fails to meet the pleading standard under Rule 9 of the Federal Rules of Civil Procedure with respect to Plaintiffs' fraud claims and should be dismissed.

34.     But even if the Court were to find that Plaintiffs met the pleading standard under Rule 9, Plaintiffs fail to allege facts sufficient to support either a claim for fraudulent concealment or fraudulent misrepresentation against Defendants.

### a.  Plaintiffs fail to state a claim for fraudulent concealment.

35.     Plaintiffs fail to adequately plead a claim for fraudulent concealment because there is no duty to disclose owed between a mortgagor and mortgagee and there is no cognizable injury.

36.     "As a general rule, a failure to disclose information does not constitute fraud unless there is a duty to disclose the information." *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001) (citing *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667,674 (Tex. 1998)). And silence "may be equivalent

to a false representation only when the particular circumstances impose a duty on a party to speak and he deliberately remains silent." *Bradford*, 48 S.W.3d at 755 (citing *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 353 (Tex. 1995)).

**37.**     A duty to disclose only arises in limited circumstances, such as where "(1) a fiduciary or other special relationship between the parties; (2) new information makes a defendant's earlier representation misleading or untrue; (3) a defendant conveys a false impression by making a partial disclosure; and (4) a defendant who voluntarily discloses information has a duty to disclose the whole truth." *Labaty v. UWT, Inc.*, 121 F. Supp. 3d 721, 738 (W.D. Tex. 2015) (citing *Lesikar v. Rappeport*, 33 S.W.3d 282, 298–99 (Tex. App.—Texarkana 2000, pet. denied)). However, "under Texas law there is no general fiduciary obligation between a lender and a borrower." *Clay v. Fed. Deposit Ins. Corp.*, 934 F.2d 69, 72 (5th Cir. 1991); *see also Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex. App.—Houston [1st Dist.] 1996, no pet.) ("[W]hen a special relationship between a borrower and lender has been found, it has rested on extraneous facts and conduct, such as excessive lender control over, or influence in, the borrower's business activities.").

**38.**     Plaintiffs allege that "Defendants concealed information regarding [the Mortgage] and the loan modification's status and their true intentions to intentionally and wrongfully force the [Property] into foreclosure for Defendants' benefit."[21] However, as a matter of law, neither of the Defendants owed a duty to disclose to Plaintiffs. *See Farah*, 927 S.W.2d at 675; *Clay*, 934 F.2d at 72. Further, Plaintiffs do not articulate the specific information Defendants are alleged to have failed to disclose or how it is material. Moreover—most importantly—there is no injury as a result

---

[21] ECF 2-1 at ¶ 56.

of the alleged concealment. Plaintiffs readily admit that no foreclosure sale has taken place[22] (and the real property records show that no such sale was noticed).[23]

**39.**     Plaintiffs fail to articulate any facts (beyond threadbare conclusory allegations) showing any fraudulent concealment by either ServiceMac or AmeriHome. Accordingly, the Court should dismiss Plaintiffs' claim for fraudulent concealment.

### b.   Plaintiffs fail to state a claim for fraudulent misrepresentation.

**40.**     Plaintiffs' claim for fraudulent misrepresentation should be dismissed because Plaintiffs fail to adequately allege the facts necessary to plead a claim for fraudulent misrepresentation.

**41.**     To plead a claim for fraudulent misrepresentation, a plaintiff must show that: "(1) defendant made a material misrepresentation that (2) was false, (3) and was either known to be false when made or was asserted without knowledge of its truth, (4) the defendant intended the representation to be acted upon, (5) it was relied upon, and (6) it caused injury." *Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F. Supp. 3d 633, 660 (W.D. Tex. 2019) (citing *Jacked UP, LLC v. Sara Lee Corp.*, 854 F.3d 797, 810 (5th Cir. 2017)).

**42.**     Plaintiffs assert numerous bases for their fraudulent misrepresentation claim, all of which center around alleged misrepresentations made during the loan modification process, though Plaintiffs do not specify which loan servicer made the alleged misrepresentations. Putting aside the fatal pleading defect, none of the conduct of which Plaintiffs complain rises to the level of fraud because the alleged misrepresentations were either not material or not false.

**43.**     Further, there is no injury as a result of the alleged misrepresentation. Plaintiffs allege they were damaged by Defendants' alleged misrepresentations when they executed a loan modification

---

[22] ECF 2-1 at ¶ 19.

[23] *See* **Exhibit 3**.

agreement that increased the principal balance and interest rate of the Mortgage in order to avoid foreclosure on the Property.[24] The alleged misrepresentation—that the loan modification agreement was "the only way to prevent foreclosure"—was not false. Plaintiffs were admittedly in default on their Mortgage. As a result, Defendants had the right to foreclose on the Property, which the execution of a loan modification agreement prevented. Plaintiffs now complain about the terms which were more favorable to the holder of the loan, but this does not amount to fraud. The increase in the principal and interest rate under the loan modification agreement is not an "injury"—indeed, the execution of the loan modification agreement *prevented* an injury (i.e., a foreclosure sale).

44.     Plaintiffs fail to articulate any facts (beyond threadbare conclusory allegations) showing any fraud by either ServiceMac or AmeriHome. Accordingly, the Court should dismiss Plaintiffs' claim for fraudulent misrepresentation.

**D.     Plaintiffs fail to state a claim for negligent misrepresentation.**

45.     Plaintiffs predicate their negligent misrepresentation claim on the same misrepresentations that form the basis of their fraudulent misrepresentation claim. Plaintiffs' negligent misrepresentation claim, as with their fraudulent misrepresentation claim, fails.

46.     "Under Texas law, a claim for negligent misrepresentation consists of four elements: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying

---

[24] ECF 2-1 at ¶ 42(b).

on the representation." *Gen. Elec. Cap. Corp. v. Posey*, 415 F.3d 391, 395–96 (5th Cir. 2005) (citing *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.,* 88 F.3d 347, 357 (5th Cir. 1996)).

**47.** As set forth above, Plaintiffs fail to plead any *false* representations made by either ServiceMac or AmeriHome and further fail to demonstrate how they were injured as a result. No foreclosure occurred and Plaintiffs are still in possession of the Property. So, for the same reasons articulated above, the Court should dismiss Plaintiffs' negligent misrepresentation claim against ServiceMac and AmeriHome.

**E.    Additionally, the Economic Loss Rule bars Plaintiffs' tort claims.**

**48.** Plaintiffs' tort claims also fail because they are barred by the economic loss rule, as Plaintiffs only allege misconduct related to ServiceMac's and AmeriHome's performance of their contractual obligations rather than an independent legal duty.

**49.** Under Texas law, "the failure to perform the terms of a contract is a breach of contract, not a tort." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). Typically, Texas courts use a two-step approach when determining whether a plaintiff may bring an additional claim when also asserting a breach of contract claim. *See Ormsby v. BAC Home Loan Servicing, L.P.*, No. MO-11-CV-046, 2012 WL 13145521, at *7 (W.D. Tex. June 7, 2012) (mem. op.). "First, a court should examine the faulted conduct to determine if it violates duties imposed by law, independent of those duties imposed by contract. Next, it should examine the nature of the alleged injury, recognizing that 'when the injury is only the economic loss to the subject of the contract itself the action sounds in contract.'" *Heller Fin., Inc. v. Grammco Comp. Sales, Inc.*, 71 F.3d 518, 528 (5th Cir. 1996); *Ormsby*, 2012 WL 13145521, at *7 (finding that alleged misrepresentation regarding a loan modification resulting in a foreclosure on a residence were barred by the economic loss).

**50.** The factual basis for Plaintiffs' tort claims against Defendants centers around Defendants' alleged conduct in connection with the servicing of Plaintiffs' Mortgage—i.e., Defendants'

performance of their contractual obligations. Further, the damages alleged in connection with Plaintiffs' tort claims relate to the alleged wrongful foreclosure (that did not occur), which is insufficient to support claims for fraud or negligent misrepresentation. *See Ormsby*, 2012 WL 13145521, at *7 (W.D. Tex. June 7, 2012) (mem. op.) (finding that a foreclosure sale of a property was an economic loss and thus not sufficient to support a fraud claim).

51.    Accordingly, Plaintiffs are barred from recovering the pleaded damages for their tort claims against Defendants under the economic loss rule.

**F.    Plaintiffs fail to state a claim for quiet title.**

52.    Plaintiffs allege that "Defendants claim an interest in the [Property] that is adverse to Plaintiffs' interest by operation of an invalid deed that was obtained unlawfully, through fraud or deceit[,]" and that "Defendants' purported deed and/or any resulting Trustee's Deed Upon Sale is pursuant to fraud and unlawful activity[.]"[25] But, upon a thorough review of the Petition, Plaintiffs fail to allege *any* facts to support these conclusory allegations.

53.    The effect of a suit to quiet title is to declare invalid or ineffective a defendant's claim to title. *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied). The elements of a suit to quiet title are: (1) plaintiff has an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the defendant's claim, though facially valid, is invalid and unenforceable. *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 572 (Tex. App.—Amarillo 2013, pet. denied) (citing *Vernon*, 390 S.W.3d at 61). To quiet title in his or her favor, the plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied).

---

[25] ECF 2-1 at ¶ 66.

16

In other words, the plaintiff must recover on the strength of his or her title, not the weakness of his adversary's. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi-Edinburg 2001, no pet.).

54.     While Plaintiffs assert a claim for quiet title, they fail to allege that either of the Defendants have claimed ownership or an ownership interest in the Property. It is undisputed that the Plaintiffs have possession of the Property, and there is no indication that either ServiceMac or AmeriHome actually foreclosed on or otherwise made any attempt to take possession or claim an adverse interest in the Property. Thus, there is no dispute over Plaintiffs' ownership of the Property (at least as between Plaintiffs and ServiceMac and/or AmeriHome). The Court should, therefore, dismiss this claim as to ServiceMac and AmeriHome.

**G.     Plaintiffs fail to state a claim under the DTPA.**

55.     The Court should dismiss Plaintiffs' claim under the DTPA against ServiceMac and AmeriHome because Plaintiffs do not qualify as consumers under the DTPA.

56.     "The DTPA protects consumers; therefore, consumer status is an essential element of a DTPA cause of action." *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, no writ) (citation omitted). "In order to qualify as a consumer under the DTPA, two requirements must be established. First, the person must seek or acquire goods or services by purchase or lease. Second, the goods or services purchased or leased must form the basis of the complaint." *Id.* (citations omitted); *see also* TEX. BUS. & COM. CODE § 17.45(4) (providing the statutory definition of consumer).

57.     "Generally, a pure loan transaction lies outside the DTPA because money is considered to be neither a good nor a service." *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 133 (Tex. App.—Corpus Christi-Edinburg 2001, no pet.) (citations omitted). A loan sometimes may constitute a basis for consumer status under the DTPA. *See, e.g.*, *Walker v. FDIC*, 970 F.2d 114,

17

123 (5th Cir. 1992) (collecting citations in which Texas courts have departed from the "facially simple statement" that a "pure loan transaction lies outside the DTPA"); *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 706–08 (Tex. 1983) (rejecting the argument that plaintiffs could not qualify as consumers because their transaction with the defendant bank was a lending transaction, where the loan was used to finance the construction of a house).

58.    In some instances, a mortgagor may qualify as a consumer under the DTPA if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 724–25 (5th Cir. 2013) (comparing *Flenniken*, 661 S.W.2d at 708 with *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 175 (Tex. 1980)). However, loan modifications or loan refinancing do qualify as consumer transactions that fall within the DTPA. *See Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 455 (E.D. Tex. 2011) ("[A] modification of an existing loan . . . is analogous to refinancing services. Refinancing is simply an extension of credit that does not qualify Plaintiff as a consumer." (citations omitted)); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App. —Fort Worth 2007, pet. denied) (holding that "the refinance cannot qualify as a good or service under the DTPA" because the plaintiffs "had already purchased their house [and thus the] refinance merely extended credit" (citation omitted)).

59.    The Court in *Ayers* found that "the alleged loan modification was not a part of the financing scheme to acquire a house. It is an entirely separate and distinct transaction, sought after the purchase of the house was complete." *Ayers*, 787 F. Supp. 2d at 455.

60.    Here, Plaintiffs predicate their claims under the DTPA on alleged misconduct in the servicing of the Mortgage and alleged misrepresentations made during the loan modification

process.[26] Therefore, Plaintiffs base their DTPA claims on "a pure loan transaction," and thus they do not qualify as consumers under the DTPA. *See Ford*, 44 S.W.3d at 133 (citations omitted); *Miller*, 726 F.3d at 724–25.

61.     The Court should, therefore, find that Plaintiffs do not qualify as consumers under the DTPA with respect to the claims asserted against ServiceMac and AmeriHome, and dismiss those claims accordingly.

**H.     Plaintiffs "claim" for an accounting against ServiceMac should be dismissed as it is not an independent cause of action but rather an equitable remedy to which they are not entitled.**

62.     To the extent Plaintiffs assert a claim for an accounting, such a claim should be denied because it is not an independent cause of action under Texas law. "An accounting is generally an equitable remedy rather than an independent cause of action." *Kennedy v. Wells Fargo Bank, N.A.*, No. SA-11-CA-957-FB, 2012 WL 13029372, at *2 (W.D. Tex. July 30, 2012) (citing *Brock v. Fed. Nat'l Mortg. Ass'n*, No. 4:11–CV–211–A, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012)); *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 627 (N.D. Tex. 2011) ("An accounting also is an equitable remedy that is not an independent cause of action."). Accordingly, the Court should dismiss Plaintiffs' claim for an accounting.

63.     But even if the Court were to consider awarding an accounting as an equitable remedy in this instance, the Court should decline to do so as Plaintiffs fail to plead sufficient facts to show the availability of such a remedy. An accounting is only appropriate "when the facts and accounts presented are so complex adequate relief may not be obtained at law." *Brock*, 2012 WL 620550, at *5. Here, the facts are not complex and Plaintiffs have an adequate remedy at law. Moreover, Plaintiffs may request an account statement to determine the outstanding loan amount and any fees

---

[26] ECF 2-1 at ¶ 71.

associated with Plaintiffs' defaults without resorting to litigation. Therefore, Plaintiffs are not entitled to an accounting as a remedy and the Court should not award Plaintiffs such relief.

**I.    To the extent Plaintiffs attempt to assert a claim for wrongful foreclosure or seek injunctive relief to prevent a foreclosure, such a claim fails because no foreclosure sale was noticed or conducted.**

64.    "In order to prevail on a wrongful foreclosure claim, Plaintiff must have lost possession of the property prior to filing suit." *Sanchez v. Deutsche Bank Nat'l Tr. Co. for registered holders of Long Beach mortgage loan trust 2005-3 asset-backed certificates, series 2005-3*, No. 5:17-CV-00414-DAE, 2017 WL 8182680, at *2 (W.D. Tex. Nov. 9, 2017) (citing *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.)).

65.    The sole basis for Plaintiffs' claim for wrongful foreclosure is a single line item on a monthly billing statement from the summer of 2025 indicating that ServiceMac had begun the foreclosure process due to Plaintiffs' admitted default.[27]

66.    However, the foreclosure sale was never officially noticed nor was it conducted—as evidenced by the public records of Williamson County, Texas.[28] Further, Plaintiffs admit that a "***Trustee Sale has not yet taken place***."[29] This admission is fatal to Plaintiffs' claim for wrongful foreclosure.

67.    Thus, the Court should dismiss Plaintiffs' claim for wrongful foreclosure.

**a.    Given the foregoing, Plaintiffs' request for injunctive relief is without merit and should also be denied.**

68.    Plaintiffs not only assert a claim for wrongful foreclosure, but they appear to seek injunctive relief preventing a foreclosure despite the fact that no foreclosure sale has been noticed

---

[27] ECF 2-1 at ¶¶ 18(dd), 66–68

[28] **Exhibit 3** (Foreclosure Postings for Williamson County for June 2025 through December 2025); *see also* https://www.wilcotx.gov/308/Foreclosure-Trustee-Sales.

[29] ECF 2-1 at ¶ 19.

or attempted. The Court should, therefore, deny Plaintiffs' request for injunctive relief given that Plaintiffs fail to plead sufficient facts to support a claim for wrongful foreclosure.

69.     The Court should deny Plaintiffs for injunctive relief for the additional and independent reason that Plaintiffs fail to adequately allege imminent harm. Plaintiffs make vague and conclusory allegations that Defendants have attempted to foreclose, the public records of Williamson County, Texas do not reflect such an allegation. Nor have Plaintiffs pleaded any facts indicating that either of the Defendants have noticed or attempted a foreclosure on the Property.

70.     Therefore, the Court should deny Plaintiffs' request for injunctive relief to prevent a foreclosure that has not been threatened.

## V.  CONCLUSION

**WHEREFORE**, Defendants ServiceMac LLC and AmeriHome Mortgage Company, LLC respectfully request that the Court dismiss all of Plaintiffs Katie Voss's and Jamie Voss's claims against them and grant all other relief to which they are entitled at law or equity.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: */s/ Miranda Granchi*

**JACOB SPARKS**
State Bar No. 24066126
Email: Jacob.Sparks@NelsonMullins.com
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Telephone: (469) 484-4758
Facsimile: (469) 828-7217

**MIRANDA GRANCHI**
State Bar No. 24120862
Email: Miranda.Granchi@NelsonMullins.com
1111 Bagby Street, Suite 2100
Houston, Texas 77002
Telephone: (346) 646-5803
Facsimile: (346) 241-3758

*Attorneys for Defendants ServiceMac, LLC &*
*AmeriHome Mortgage Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify on May 6, 2026, that a true and correct copy of the foregoing document was served on Katie Voss via electronic filing. I further certify on May 6, 2026, that a true and correct copy of the foregoing document was served via certified mail, return receipt requested and first-class mail on Jamie Voss at 210 W. Avenue F, Jarrell, Texas 76537 and P.O. Box 272, Kempner, Texas 76539.

By: */s/ Miranda Granchi*
**MIRANDA GRANCHI**

22