UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATIE VOSS AND JAMIE VOSS, | § | No. 1:25-CV-02074-DAE |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | |
| | § | |
| AMERIHOME MORTGAGE | § | |
| COMPANY, LLC; INVESTOR NEST | § | |
| PROPERTIES; SERVICEMAC, LLC; | § | |
| AND DOES 1 THROUGH 15, | § | |
| INCLUSIVE, | § | |
| | § | |
| *Defendants*. | § | |
| _____ | § | |

<u>ORDER</u>

Before the Court are Plaintiffs Katie Voss and Jamie Voss'

("Plaintiffs") Emergency Motion for Temporary Restraining Order/Preliminary

Injunction (the "TRO Motion") (Dkt. # 24),  Plaintiffs' Motion to Remand to State

Court ("Motion to Remand") (Dkt. # 9), and Plaintiffs' Motion for Appointment of

Counsel (Dkt. # 22).  The Court requires more information before it can rule on the

pending motions.

First, in their Motion to Remand, Plaintiffs, who are citizens of Texas,

contend that remand to state court is proper because, *inter alia*, there is a lack of

complete diversity between the parties.  (Dkt. # 9.)  On a motion to remand, the

removing party bears the burden of establishing that subject matter jurisdiction

1

exists and that the removal was not procedurally defective.  BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 470 (5th Cir. 2012); Shearer v. Sw. Serv. Life Ins. Co., 516 F.3d 276, 278 (5th Cir. 2008).  Defendant ServiceMac, LLC ("ServiceMac") has provided information to the Court demonstrating that neither ServiceMac nor Defendant AmeriHome Mortgage Company, LLC ("AmeriHome") are citizens of Texas.  (Dkts. ## 1; 3; 14; 14-1.)  ServiceMac has also alleged that Defendant Investor Nest Properties ("Investor Nest") is also not a citizen of Texas but explained that it was unable to determine Investor Nest's citizenship or whether the entity even exists because "Plaintiffs have not adequately pleaded enough information about [Investor Nest.]"  (Dkt. # 1 at 4.)

Because the Court must confirm that it has subject matter jurisdiction before it rules on any of the pending matters in the case, the Court **ORDERS** that, **on or before 12:00 p.m. on Thursday, May 14, 2026**, Defendant ServiceMac shall file supplemental briefing to the Court regarding Investor Nest's citizenship. To the extent such information is unavailable to ServiceMac due to deficiencies in Plaintiffs' pleadings, ServiceMac is **ORDERED** to confer with Plaintiffs.

Second, in their TRO Motion, Plaintiffs allege that they "face the imminent threat of losing their home" and seek a temporary restraining order ("TRO") prohibiting Defendants from conducting any foreclosure sale, eviction, posting, transfer, or dispossession of the subject property until this case is resolved

2

or further order of the Court.  (Dkt. # 25 at 4.)  However, based on the records provided to the Court by Defendants ServiceMac and AmeriHome and based on the Court's own review of public filings, it appears that foreclosure has not been initiated and a foreclosure sale has not yet been scheduled.  Accordingly, the Court **ORDERS** that, **within seven calendar days of receipt of the Court's Order**, Plaintiffs Katie Voss and Jamie Voss shall file supplemental briefing to the Court addressing why they believe a foreclosure is imminent and providing documentation where possible.

The Clerk of the Court is further **INSTRUCTED** to transmit a copy of this Order via certified mail, return receipt requested, to Plaintiffs at their listed addresses.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, May 7, 2026.

David Alan Ezra
Senior United States District Judge

3