**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| KATIE VOSS AND JAMIE VOSS,<br><br>     *Plaintiffs,*<br><br>v.<br><br>AMERIHOME MORTGAGE COMPANY, LLC;<br><br>INVESTOR NEST PROPERTIES; NATHANIEL CURIEL, Individually;<br><br>SERVICEMAC, LLC; AND DOES 1<br><br>THROUGH 15, INCLUSIVE, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:25-cv-02074-DAE |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED PETITION

TO THE HONORABLE JUDGE DAVID A. EZRA:

Plaintiffs Katie Voss and Jamie Voss, appearing pro se, respectfully move this Court pursuant to

Federal Rule of Civil Procedure 15(a)(2) for leave to file their First Amended Petition. Leave

should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). All factors under

Foman v. Davis, 371 U.S. 178 (1962) weigh in favor of granting leave.

## I. LEGAL STANDARD

Rule 15(a)(2) provides that courts should freely give leave to amend when justice so requires.

The Supreme Court identified the relevant factors in Foman v. Davis, 371 U.S. 178, 182 (1962):

undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. Absent any of these factors, leave should be granted. Id. None are present here.

## II. ALL FOMAN FACTORS FAVOR AMENDMENT

A. No Undue Delay.

This case was removed from state court on December 18, 2025. Plaintiffs filed a Motion to Remand on January 20, 2026 (ECF No. 9). Since removal, Plaintiffs have diligently prosecuted this action, filing responses to all court orders and deadlines. See ECF Nos. 32, 35, 36, 37, 38, 42, 44. The proposed amendment reflects newly developed evidence that could not have been incorporated into the original state court petition, which was drafted under Texas Rules of Civil Procedure before removal.

B. No Bad Faith.

Plaintiffs seek amendment in good faith to more precisely allege their claims under federal pleading standards. The original petition was drafted for state court under TRCP Rule 47. Defendants chose to remove the case to federal court, subjecting the state court petition to Twombly/Iqbal standards it was never designed to meet. It would be fundamentally inequitable to penalize Plaintiffs for a pleading deficiency created by Defendants' own removal.

C. No Repeated Failure to Cure Deficiencies.

This is Plaintiffs' first request for leave to amend. No prior amendment has been requested or denied. This factor is entirely absent.

D. No Undue Prejudice to Defendants.

No trial date has been set. Discovery has not meaningfully commenced. Defendants have themselves obtained extensions during this litigation. See ECF No. 10 (Emergency Motion for Extension of Time, granted February 4, 2026). The proposed amendment will actually reduce prejudice by providing Defendants with precise, well-pleaded claims they can respond to, rather than the general state court petition currently at issue. Defendants cannot claim prejudice from receiving more specific notice of the claims against them.

E. Amendment Is Not Futile.

The proposed First Amended Petition pleads legally cognizable claims supported by specific factual allegations and documentary evidence, including:

(1) Breach of Deed of Trust (Section 22 notice violations) against AmeriHome and ServiceMac, supported by the loan modification agreement and account history;

(2) RESPA/Regulation X dual-tracking violations against AmeriHome and ServiceMac, supported by ServiceMac account statements showing foreclosure fees assessed July 29, 2025, before the first modified payment due September 1, 2025;

(3) Fraud and fraudulent inducement against AmeriHome, supported by the loan modification terms increasing the interest rate from 4.625% to 7.25% and capitalizing additional principal;

(4) Breach of purchase contract against Investor Nest Properties and Nathaniel Curiel individually, supported by the executed Purchase Agreement dated January 28-29, 2025;

(5) Tortious interference with prospective business relations against Investor Nest and Curiel, supported by text message evidence in which Curiel explicitly threatened on February 11-12, 2025 that Plaintiffs' title would be permanently clouded to prevent sale to any other buyer;

(6) Wrongful lien under Texas Property Code Section 12.002 against Investor Nest and Curiel, based on the Notice of Interest recorded February 11, 2025 without valid continuing authority after Plaintiffs' revocation of July 17, 2025;

(7) Quiet title and cancellation of the Notice of Interest against Investor Nest and Curiel;

(8) Slander of title against Investor Nest and Curiel, based on maintenance of the recorded cloud after revocation of all authority on July 17, 2025;

(9) Civil conspiracy against all Defendants, based on coordinated conduct resulting in the coercive clouding of Plaintiffs' title during a period of financial distress caused in material part by Defendants' own mortgage servicing misconduct;

(10) Alter ego and veil piercing as to Nathaniel Curiel individually, based on his use of Investor Nest Properties as a personal instrument to threaten and coerce Plaintiffs;

(11) Declaratory and injunctive relief against all Defendants.

Each of these claims is legally cognizable and supported by evidence already in the record or in Plaintiffs' possession. Amendment is not futile.

### III. THE STATE COURT PETITION WARRANTS LIBERAL CONSTRUCTION

The operative pleading is a petition drafted for Texas state court under TRCP Rule 47 — a notice pleading standard more liberal than federal Twombly/Iqbal requirements. Defendants removed this case on December 18, 2025. Under 28 U.S.C. § 1446 and Fed. R. Civ. P. 81(c), removal does not retroactively convert a state court petition into a federal complaint. Courts in the Fifth Circuit recognize that pro se plaintiffs whose state court petitions are removed to federal court are entitled to a meaningful opportunity to amend to meet federal pleading standards. The proposed First Amended Petition provides exactly that.

### IV. DILIGENCE IN PROSECUTION

Plaintiffs have demonstrated consistent diligence in prosecuting this action since removal. This Court has already acknowledged Plaintiffs' active prosecution by granting their pro se electronic filing motion (ECF Text Order, January 29, 2026). Within the past two weeks alone, Plaintiffs filed five separate documents (ECF Nos. 35, 36, 37, 38, 42, 44) addressing service, default, and the Court's supplemental briefing orders. This Motion and the proposed First Amended Petition continue that pattern of diligent prosecution.

### V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the

First Amended Petition attached hereto as Exhibit A. Plaintiffs further request that this Motion

be considered together with Plaintiffs' Motion to Modify Scheduling Order filed

contemporaneously herewith.


Respectfully submitted,

/s/ *Katie Voss*

Katie Voss, Plaintiff Pro Se
PO Box 272
Kempner, Texas 76539
(512) 635-5747
kvoss@vossandsonsconst.com

/s/ *Jamie Voss*

Jamie Voss, Plaintiff Pro Se
210 W. Avenue F
Jarrell, Texas 76537
(512) 635-5747

Dated: May 26, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, a true and correct copy of the foregoing Motion to Modify Scheduling Order was served on the following counsel of record via the Court's CM/ECF electronic filing system:

Jacob Sparks — jacob.sparks@nelsonmullins.com

Miranda C. Granchi — miranda.granchi@nelsonmullins.com

Nelson Mullins Riley & Scarborough LLP

Attorneys for Defendants AmeriHome Mortgage Company, LLC and ServiceMac, LLC

Jamie Voss was served by hand delivery.

/s/ *Katie Voss*

Katie Voss, Plaintiff Pro Se
PO Box 272
Kempner, Texas 76539
(512) 635-5747
kvoss@vossandsonsconst.com