UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

KATIE VOSS AND JAMIE VOSS,          §          No. 1:25-CV-02074-DAE
                                    §
        *Plaintiffs*,               §
                                    §
vs.                                 §
                                    §
AMERIHOME MORTGAGE                  §
COMPANY, LLC; INVESTOR NEST         §
PROPERTIES; SERVICEMAC, LLC;        §
AND DOES 1 THROUGH 15,              §
INCLUSIVE,                          §
                                    §
        *Defendants*.               §
_____     §

ORDER

Before the Court is Plaintiffs Katie Voss and Jamie Voss'

("Plaintiffs") Motion to Remand to State Court ("Motion to Remand").  (Dkt. # 9.)

The Court finds this matter suitable for disposition without a hearing.  After careful

consideration of the filings and the relevant law, the Court, for the reasons that

follow, **GRANTS** Plaintiffs' Motion to Remand.

BACKGROUND

On November 19, 2025, Plaintiffs, proceeding *pro se*, filed suit in

state court against Defendants AmeriHome Mortgage Company, LLC

("AmeriHome"), Investor Nest Properties ("Investor Nest"), ServiceMac, LLC

("ServiceMac"), and Does 1 through 15.  (Dkt. # 1-1.)  In their original state court

1

petition, the live complaint in this case, Plaintiffs assert claims for (1) breach of contract against ServiceMac and Investor Nest; (2) breach of the covenant of good faith and fair dealing against all Defendants; (3) fraudulent misrepresentation against all Defendants; (4) negligent misrepresentation against all Defendants; (5) fraudulent concealment against all Defendants; (6) quiet title against all Defendants; (7) violations of the Deceptive Trade Practices Act (the "DTPA") against all Defendants; and (8) a request for an accounting against ServiceMac. (Dkt. # 2-1 at 17–42.)

On December 18, 2025, Defendant ServiceMac removed the suit to this Court on the basis of diversity jurisdiction. (Dkt. # 1.) In its Notice of Removal, Defendant ServiceMac attested that it was the only party who had appeared in the state court case. (Id. at 6.)

On January 20, 2026,[1] Plaintiffs filed a Motion to Remand to State Court. (Dkt. # 9.) Plaintiffs argue in their motion that remand to state court is proper because (1) there is a lack of complete diversity; (2) the amount in controversy is not met; (3) the removal violates the forum defendant rule; and (4)

---

[1] Plaintiffs' motion was timely filed. See 28 U.S.C. § 1447(c) (providing that any motion to remand on the basis of a defect other than lack of subject matter jurisdiction must be made within 30 days of the filing of the notice of removal); Fed. R. Civ. P. 6(a) (providing that when the period is stated in days, the period continues to run until the next day that is not a weekend or legal holiday when the last day is a Saturday, Sunday, or legal holiday).

not all defendants consented to removal as required by 28 U.S.C. § 1446(b)(2)(A).

(Id.)  Defendant ServiceMac[2] responded in opposition to the Motion to Remand,

instead contending that (1) complete diversity exists; (2) the amount in controversy

is met; (3) the forum defendant rule does not apply; and (4) the only defendant who

has appeared and is properly part of the state court suit has consented to removal.

(Dkt. # 14.)

      While the Motion to Remand was pending before the Court, the

parties filed several additional motions, including a Motion for Appointment of

Counsel, an Emergency Motion for Temporary Restraining Order/Preliminary

Injunction ("TRO Motion"),[3] a Motion for Judgment on the Pleadings, and a

Motion to Amend Complaint.  (Dkts. ## 22; 24; 29; 49.)  The Court ordered

additional briefing on these motions as well as additional briefing by the parties

related to the Court's subject matter jurisdiction over the case.  (Dkts. ## 30; 40.)

Because the Court finds that the removal was procedurally defective and remands

the case to state court, the Court does not address these other pending motions.

---

[2] At the time, neither Defendant AmeriHome nor Defendant Investor Nest had appeared in the case.  Defendant AmeriHome has since appeared, although Defendant Investor Nest has not.  (See Dkt. # 23.)

[3] In their TRO Motion, Plaintiffs argue that they are entitled to injunctive relief to prevent an impending foreclosure of their home.  (Dkt. # 24.)  Because the Court needed to determine whether it had subject matter jurisdiction over this case, the Court has not yet ruled on the TRO Motion.  However, the parties do not dispute that, at this time, a trustee sale of the home has not yet been scheduled.  (Dkts. ## 26 at 2, 8; 32 at 1.)

<u>LEGAL STANDARD</u>

"It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." <u>Coury v. Prot</u>, 85 F.3d 244, 248 (5th Cir. 1996). Accordingly, a defendant may only remove a case over which the district court has original jurisdiction, either because of diversity of citizenship or the existence of a federal question. 28 U.S.C. § 1441(a); <u>Halmekangas v. State Farm Fire & Cas. Co.</u>, 603 F.3d 290, 295 (5th Cir. 2010).

On a motion to remand, the removing party bears the burden of establishing that one of these bases of jurisdiction exists and that the removal was not procedurally defective. <u>BEPCO, L.P. v. Santa Fe Minerals, Inc.</u>, 675 F.3d 466, 470 (5th Cir. 2012); <u>Shearer v. Sw. Serv. Life Ins. Co.</u>, 516 F.3d 276, 278 (5th Cir. 2008). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a); <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996); <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077, 1079 (5th Cir. 2008).

Because removal jurisdiction implicates federalism concerns, "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." <u>African Methodist Episcopal Church v. Lucien</u>, 756 F.3d 788, 793 (5th Cir. 2014) (internal quotation marks omitted) (quoting <u>Acuna v.</u>

4

Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000)); Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997).  When a case is removed on the basis of diversity jurisdiction, 28 U.S.C. § 1447(c) allows a district court to remand only if the court lacks subject matter jurisdiction or if there is a defect in the removal procedure.  Buchner v. FDIC, 981 F.2d 816, 820 (5th Cir. 1993).

DISCUSSION

Under 28 U.S.C. § 1446(b)(2)(A), all "properly joined and served" defendants must consent to removal.  This provision, sometimes referred to as "the rule of unanimity," requires that "all defendants to an action either sign the original petition for removal *or . . .* file written consent to the removal" within thirty days of service of the state court petition.  Powers v. United States, 783 F.3d 570, 576 (5th Cir. 2015) (emphasis in original); see 28 U.S.C. § 1446(b)(2); see also Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dep't, 794 F. Supp. 2d 703, 705 (E.D. Tex. 2011) (explaining that in cases with multiple served defendants, all defendants must consent to removal prior to the expiration of the thirty-day period).  " If all properly joined and served defendants fail to consent within the 30-day time period, the removal is procedurally defective, and remand is required." Colorado Rockies Trucking, LLC v. ATG Ins. Risk Retention Grp., Inc., No. 3:21-CV-00093, 2021 WL 5587735, at *2 (S.D. Tex. Nov. 30, 2021); see Powers, 783 F.3d at 576; see also Harden v. Field Mem'l Cmty. Hosp., 516 F. Supp. 2d 600,

5

606 (S.D. Miss. 2007), aff'd, 265 F. App'x 405 (5th Cir. 2008) ("District courts have no power to overlook procedural errors relating to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice.").  However, this rule does not apply where a defendant has not been served at the time of removal, where a defendant is improperly joined, or where a defendant is merely a "nominal" or "formal" party. Colorado Rockies Trucking, 2021 WL 5587735, at *2.

Plaintiffs argue that removal was procedurally defective because not all defendants who had been served consented to removal.  (Dkt. # 9.)  Defendant ServiceMac contests this characterization and instead contends that the only defendant who had been properly served prior to ServiceMac's December 18, 2025 removal—ServiceMac—consented, and so removal was therefore proper.  (Dkt. # 14 at 9–10.)  However, Plaintiffs subsequently filed a notice to the Court in which they assert that, as listed in the Register of Actions for the state court action, Defendant Investor Nest was served by certified mail on December 2, 2025.  (Dkt. # 36 at 2.)  They also assert that the return of service was filed with state court on that same day.  (Id.)

After reviewing Plaintiffs' notice, the Court issued an order for supplemental briefing.  (Dkt. # 40.)  In its order, the Court noted that although the Register of Actions for Cause No. 25-3359-C395 reflects that Investor Nest was

6

served on December 2, 2025, the only return of service included in the state court docket as filed with the Court pertains to ServiceMac.  (Dkt. # 2-6; see Dkt. # 2.)  The Court therefore ordered ServiceMac to file a declaration, signed under penalty of perjury, attesting that the state court record previously filed with the Court constitutes a full and complete copy of the record.  (Dkt. # 40.)  The Court also ordered Plaintiffs to file a copy of any return of service reflecting service on Defendant Investor Nest that was both executed prior to removal and filed in state court prior to removal, as no such return presently appeared on the record before this Court.  (Id.)

In response to the Court's May 18, 2026 Order, Plaintiffs filed a certified mail receipt indicating service on Defendant Investor Nest.  (Dkt. # 44-1.)  That return also includes a state-court file stamp indicating that the signed return receipt was filed with the state court on December 2, 2025.  (Id.)  For its part, counsel for Defendant ServiceMac filed a declaration stating that, at the time of removal, the District Clerk's Office for Williamson County had not docketed returns of service for ServiceMac and Investor Nest.  (Dkt. # 45 at 1.)  The declaration further states that counsel's paralegal later contacted the Clerk's Office and received a copy of the filed return of service for Investor Nest.  (Id. at 2; Dkt. # 46-2.)  Defendant ServiceMac included that filed return of service as a supplement to the state court record.  (Id.)

It is undisputed that Defendant Investor Nest did not consent in writing to the removal of this case. Moreover, the evidence before the Court conclusively establishes that Investor Nest was properly served prior to ServiceMac's removal of this case to federal court. (Dkts. ## 44-1; 46-2.) Here, the Williamson County District Clerk sent the citation and Original Petition by certified mail to Investor Nest. (Id.) The signed return receipt from Investor Nest was received on December 2, 2025, and was filed that same day. (Id.) Service on Investor Nest was therefore proper, and consequently, ServiceMac was required to obtain Investor Nest's consent. See Tex. R. Civ. P. 106(a) (providing that, under Texas law, a defendant may be served by mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition); Ramos v. Bluff Springs Food Mart Inc., No. 1:22-CV-161-RP, 2022 WL 5013297, at *2 (W.D. Tex. Oct. 4, 2022), report and recommendation adopted, No. 1:22-CV-161-RP, 2022 WL 22257842 (W.D. Tex. Oct. 25, 2022) ("Under Texas Rule of Civil Procedure 107(c), if a plaintiff serves a defendant by registered or certified mail, 'the return by the officer or authorized person must also contain the return receipt with the addressee's signature.' 'If the return receipt is not signed by the addressee, the service of process is defective.'"); Colorado Rockies Trucking, 2021 WL 5587735, at *3 (describing further the Texas rules surrounding service of process). Because ServiceMac did not do so, remand is proper. Lopez v. Truckers

8

Transportation All., Inc., 465 F. Supp. 3d 689, 694 (W.D. Tex. 2020) ("Even where a district court would otherwise possess original jurisdiction over a case, that case must nonetheless be remanded to state court if removal is procedurally defective.").

Defendant ServiceMac does not meaningfully contend with Plaintiffs' argument that removal was procedurally defective.  In their response to the Motion to Remand, ServiceMac merely asserts that only ServiceMac has "appeared" in the state court action or this action in federal court.  (Dkt. # 14 at 9.)  But 28 U.S.C. § 1446(b)(2)(A) speaks of *service*, not of appearance in the action.  It states unequivocally that "all defendants who have been properly *joined and served* <u>must</u> join in or consent to the removal."  28 U.S.C. § 1446(b)(2)(A) (emphasis added). Because Investor Nest was properly served prior to ServiceMac's removal of the action to federal court, they had to consent.[4]  <u>Colorado Rockies Trucking</u>, 2021 WL 5587735, at *2; <u>Powers</u>, 783 F.3d at 576.  ServiceMac cites no authority for

---

[4] To the extent ServiceMac intends to argue that the removal was not procedurally defective based on its assertion that the county had not yet docketed the return of service by the time of removal, the Court is not convinced.  (<u>See</u> Dkt. # 45.)  As noted previously, at the time of removal, the state court Register of Actions stated that Investor Nest had been served on December 2, 2025, and that the return of service was also filed on December 2, 2025.  (Dkt. # 1-1.)  ServiceMac itself filed this Register of Actions with the Court.  (<u>Id.</u>)  Yet ServiceMac provides no explanation as to its failure to confirm whether Investor Nest had indeed been served nor information as to its efforts to obtain Investor Nest's consent prior to removing the case.

the suggestion that the fact that Investor Nest had not yet appeared at the time of removal somehow negates this requirement.  Nor does ServiceMac demonstrate that Investor Nest is improperly joined or merely a "nominal" or "formal" party. Indeed, ServiceMac makes no argument to this effect in any of its briefings to the Court.[5]

On a motion to remand, ServiceMac bears the burden of establishing that the removal was not procedurally defective.  BEPCO, 675 F.3d at 470.  And "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"  Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008) (quoting In re Hot–Hed, Inc., 477 F.3d 320, 323 (5th Cir.2007)).  Here, although Investor Nest was properly served prior to removal, it has not joined in or consented to the removal.  Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand.

---

[5] That ServiceMac makes a passing reference in its Notice of Removal reserving its right to move to sever the claims against Investor Nest sometime in the future is of no moment.  (See Dkt. # 1 at 4.)  ServiceMac has not so moved and has not made any substantive argument as to severance or improper joinder.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand. (Dkt. # 9.) This action is therefore **REMANDED** to the 395th Judicial District Court, Williamson County, Texas.

It is further **ORDERED** that a certified copy of this order shall be mailed by the Clerk of this Court to the Clerk of the 395th Judicial District Court, Williamson County, Texas, on receipt of which that Court may proceed with the action according to the laws and procedures of the Courts of the State of Texas. The Clerk of this Court shall **HOLD** the case for five (5) business days before transmitting the case as filed to State Court.

The Clerk of the Court is further **INSTRUCTED** to transmit a copy of this Order via certified mail, return receipt requested, to Plaintiffs at their listed addresses.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, May 29, 2026.

_____
Hon. David Alan Ezra
Senior United States District Judge

11